### CHANGE OF MATERIALS UNDER A BUILDING CONTRACT.

Circuit Court of Cuyahoga County.

THE CITY OF CLEVELAND v. W. A. WILSON AND THOMAS STRACK.

Decided, December 24, 1902.

*Building Contracts—Contractor Entitled to Extra Compensation for More Expensive Materials—Practice—Exception to Refusal to Charge Before Argument Must Specify that it is as to Time of Charge.*

1. Where a contractor is putting in concrete according to the specifications in his contract, and complies with a request of the one for whom he is performing the work to use a larger proportion of cement in mixing the concrete, this is in addition to his original contract, and he is entitled to recover for the additional cost of such concrete.

2. Where a party submits requests for certain charges before the argument of a case and takes exception to the court's refusal to give the charges as requested, but does not specify that his exception is to the refusal to charge at that time, no error results if the court in its charge after argument charges all of the propositions contained in the requests which it was proper to give.

*N. D. Baker* and *Judge Beacom,* for plaintiff in error.
*Solders & Tilden,* contra.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

The defendants in error had a contract with the city of Cleveland for the construction of a certain portion of the Walworth Run Sewer. The contract included the furnishing of material and the doing of work; and, in it, was the furnishing of concrete and putting it in place as forming a part of the sewer. The parties are at variance as to the meaning of the contract, and, while the petition sets up three causes of action, the only question for consideration by the court is as to the *first* cause of action therein, and it is not a question to be determined from the evidence in the case as a question of fact, but is a question of law. The contract between them is in evidence, and there is a dispute as to its meaning and proper construction. The contract provides that all stone and concrete shall be hard lime-stone, sand-stones, trap, quartizite, or granite; all stone shall be, in the opinion of the chief engineer, equal to the hardest stone from the quarries of Newburgh, Ohio; and broken stone must be that taken from massive ledge; and any stone which shows a tendency to break into flat pieces, will be rejected; the broken stone must be screened, so as to be free from all dust and fine material, and must not contain fragments larger than will pass through a 2-inch ring, or so small that they will pass through a ½-inch circular hole. On page 10 of the bill of exceptions is the following provision:

"Concrete shall be composed of natural cement mortar one part; broken stone, three parts; by measure."

Then there is a provision as to how it shall be mixed. On page 11 (quoting):

"The proportions, as above specified, are intended to produce concrete in which the mortar fills all the voids, and the proportions of mortar and broken stone will be so adjusted that when the concrete is rammed into place, free mortar will flush the surface."

On page 19, is this provision:

"The proportions of mortar, etc., when rammed in place, shall be such that free mortar shall flush to the surface; if such result is not obtained, the relative proportions of broken stone to mortar shall be changed so as to cause said result to be obtained."

The purpose to be reached was that when a considerable portion of the cement was put in place and allowed to harden, the whole would form a monolithic mass.

The plaintiff claims that he made and rammed in place a certain amount of cement and that he attained the result; that free mortar came to the surface, and, by so doing, he had fulfilled the standard required by the contract, and the *only* test that could be applied to the work to determine whether or not the contract had been fully complied with. The contract provides the manner in which the cement shall be rammed into place, the kind and size of instruments used for that purpose, and no complaint is made in this case in regard to the manner in which the cement was made or put into place or *rammed;* but, after a small portion was made, the city required the ingredients of the cement to be changed, making it $2\frac{1}{4}$ stone to one of cement; and the plaintiff claims that, by so requiring, the defendants in error did work for the city over and above that required by the contract inasmuch as the new ingredients added very much to the cost, and that it is entitled to be paid the difference in the cost, as the cement was to be mixed by the contract and as it was actually mixed in doing the work. The city claims that the change was made, and was one that it was entitled to have made under the terms of the contract, and as to whether the material and work was done according to the contract, was determined by the chief engineer and director of public works and from whose decision there can be no appeal.

As to this claim, the contract does not provide that the test of whether the mortar, when rammed in place as provided in the contract, leaves free mortar on the surface, shall be left to the engineer or to the director of public works. The *only* test

in the contract as to whether the material meets the require-
ments thereof, is, that it shall have free mortar flush to the sur-
face. And this was a question to be determined by the jury. It
can not be insisted in this case, that the jury were not war-
ranted in finding under the testimony that the mortar flush to the
surface would have been there if it was as first mixed and
rammed. The only provision in the contract, upon this ques-
tion, is that, if the mortar as is provided in the contract for it
to be mixed, does not, when rammed according to the contract,
have free mortar flush to the surface, then the ingredients
may be changed so that that result will be obtained.

If the result *was* obtained as the ingredients were *first* mixed,
then to require something more to be done would be requiring
something more than the contract calls for. It would not be a
change in the contract; it would be a modification in the sense
in which those terms are used, but it would be requiring some-
thing to be done for which the party had not contracted, nor
does the matter of notice and endorsement in writing apply to
the matter of this kind under the terms of the contract, but it
stands as though 500 feet of sewer was to be built and the city
thereafter had required 100 feet more to be built. This would
be an additional matter, not contracted for, and not contem-
plated by the first contract, and the party would have a right
to recover it.

It is claimed on behalf of the plaintiff in error, that the trial
court erred in refusing to give to the jury its requests to charge
before argument. These requests were headed: ''Whereupon
counsel for defendants submitted to the court requests to charge
the jury before argument''; and then follow the requests, all
of which the court refused to charge except as he gave the first
three, in substance, in the charge, after argument; and the
counsel for the plaintiff in error said, ''The requests asked to be
given before argument were all refused and the defendant ex-
cepts to the refusal of the court to grant each of the same,
numbered respectively from 1—9.'' If these requests were
good law in the case, and they were made with the request that
they be charged before argument, and the court refused to

charge them before argument, and an exception was taken to such *refusal,* then this ground of error would be well taken. There is no exception taken because the court did not charge at the *particular time* it was asked to do so, but simply an exception because the requests were refused entirely in the case.

It appears from the case of *The Village of Monroeville* v. *Root,* 54 O. S., 523, that to constitute error under Section 5190 of the Revised Statutes, as to charge before argument in a case, the record must affirmatively show that the court was requested to give such instructions before the argument, and that its refusal to do so was the subject of an exception. To do so means to charge that an exception was taken to a refusal to give the requests before *argument not* an exception to a refusal to give them *generally.* In the case just referred to it was said that it did not appear that it was desired that a request should be given before the argument. In the case under consideration, the request *did* show it.

For aught that appears in the case under consideration, the party may have been content that the court should give the *substance* of its requests in his charge, *after* argument, as the court did do; and there is no exception taken to the point that the court did *not* charge this law *at the time* it was requested to do so. We think this ground of error is not well founded. *The Cincinnati St. R. R. Co.* v. *William Jenkins,* 11 O. C. D., 130.

We find no error in the record, and the judgment is affirmed.